[Cite as *Sayre v. Doughty*, 2017-Ohio-2707.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JAMES R. SAYRE, et al. | ) | CASE NO. 14 BE 0026 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| VERA DOUGHTY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                                                    Pleas of Belmont County, Ohio
                                                    Case No. 13 CV 0119

JUDGMENT:                                    Reversed and Remanded.

APPEARANCES:

For Plaintiffs-Appellees:                  Atty. Eric C. Johnson
                                                    Johnson & Johnson Law Offices
                                                    12 W. Main Street
                                                    Canfield, Ohio 44406

For Defendants-Appellants:             Atty. David K. Schaffner
                                                    Schaffner Law Offices, Co., L.P.A.
                                                    132 Fair Avenue, NW
                                                    New Philadelphia, Ohio  44663

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                                    Dated:  May 5, 2017

WAITE, J.

**{¶1}** Appellants Vera Doughty, Frederick W. Dowd, Bessie Estella Buckner, and Dorothy Jean Mount (collectively referred to as "Appellants") appeal a May 13, 2014 Belmont County Common Pleas Court decision to grant summary judgment in favor of Appellees James R. and Jeanne V. Sayre. Appellants argue that the 2006 Dormant Mineral Act ("DMA") applies to all claims filed after June 30, 2006, thus the trial court erroneously applied in the 1989 DMA in this matter. Pursuant to *Corban v. Chesapeake Exploration, L.L.C.,* __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, Appellants' arguments have merit and the judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this Court's Opinion.

Factual and Procedural History

**{¶2}** This appeal concerns the ownership of mineral interests beneath approximately 100 acres of land located in Union Township, Belmont County. On October 15, 1928, Clayton A. and Orra E. Nichols conveyed the surface rights of the property to Mary E. Estes. The Nichols reserved the mineral rights through the following language: "Excepting and reserving from the above described tract all the Pittsburgh or No. Eight and also the No. Seven vein of coal. Also, excepting and reserving to the Grantors herein all the oil and gas, in and underlying the above described real estate." (10/15/28 Nichols Deed.) The deed was recorded on February 22, 1930.

**{¶3}** Relevant to this appeal and some transactions later, Bedway Land and Minerals, Co. conveyed the surface rights of this land to James R. and Jeanne V.

Sayre. The deed was recorded on November 22, 1996. On April 13, 2012, the Sayres published notice of their intent to declare the mineral rights abandoned pursuant to R.C. 5301.56. On May 16, 2012 the Sayres recorded an affidavit of abandonment. On June 11, 2012, Vera Doughty recorded an affidavit to preserve her interests. On June 12, 2012, Frederick William Dowd filed a similar affidavit. On June 13, 2012, Bessie Estella Buckner and Dorothy Jean Mount also filed affidavits. Doughty, Dowd, Buckner, and Mount are heirs of the Nichols.

**{¶4}** On March 27, 2013, the Sayres filed a declaratory judgment and quiet title complaint against Doughty and Dowd. The Sayres later learned that Buckner and Mount had filed affidavits, and the Sayres amended their complaint to add Buckner and Mount as codefendants. On January 27, 2014, Appellees filed an answer to the amended complaint and a counterclaim. The Sayres filed a motion for summary judgment on March 4, 2014. Appellees filed a response and cross motion for summary judgment on March 31, 2014. On May 13, 2014, the trial court granted the Sayres' motion. This timely appeal followed.

## Summary Judgment

**{¶5}** An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the

evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶6}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E. 2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

**{¶7}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court

views the evidence in a light most favorable to the nonmoving party. *Temple*, supra, at 327.

ASSIGNMENT OF ERROR NO. 1

The trial court erred in applying the 1989 version of the Ohio Dormant Mineral Act to the subject case.

ASSIGNMENT OF ERROR NO. 2

The trial court erred in determining that the 1989 Dormant Mineral Act "automatically" vested the mineral interests in the surface owners.

ASSIGNMENT OF ERROR NO. 3

The trial court erred in failing to address Appellant's [sic] claims that the 1989 Dormant Mineral Act is unconstitutional in that it denies mineral owners of their due process rights.

**{¶8}** In Appellants' three assignments of error they collectively assert that the trial court erroneously applied the 1989 DMA for three reasons. First, Appellants argue that the 2006 DMA became effective on June 30, 2006, well before the Sayres filed their complaint. Second, Appellants argue that the 1989 DMA is not automatic or self-executing, thus the 2006 DMA applies to all complaints filed after June 30, 2006. Third, and finally, Appellants argue that the 1989 DMA is unconstitutional because it strips valuable mineral interests from holders without notice or the ability to contest a surface landowner's claims.

**{¶9}** In response, the Sayres argue that our decisions in *Walker v. Shondrick-Nau,* 7th Dist. No. 13 NO 402, 2014-Ohio-1499, *rev'd*, *Corban, supra* and *Swartz v. Householder,* 7th Dist. Nos. 13 JE 24, 13 JE 25, 2014-Ohio-2359, 12 N.E.3d 1243, *rev'd*, *Corban, supra,* are directly on point and should be followed in this case. Pursuant to these cases, the Sayres argue that the 1989 DMA should be applied. As no savings event had occurred between March 22, 1969 and March 22, 1992, the Sayres conclude that the mineral interests automatically vested with them effective March 22, 1992.

**{¶10}** The Ohio Supreme Court had recently resolved this issue in *Corban.* According to *Corban*:

> [A]s of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Stalder v. Bucher,* 7th Dist. No. 14 MO 0010, 2017-Ohio-725, ¶ 10, quoting *Corban, supra,* ¶ 31. The *Corban* Court further held that the provisions within the 1989 DMA were not self-executing and did not serve to automatically transfer ownership rights of dormant minerals by operation of law, thus any attempt to declare mineral interests

abandoned after June 30, 2006 must comply with the notice requirements of the 2006 DMA. *Stalder* at ¶ 10, citing *Corban* at ¶ 28.

**{¶11}** Here, the Sayres filed their complaint on March 27, 2013, and the 2006 DMA controlled. While the Sayres contend that their mineral interests vested prior to the effective date of the 2006 DMA, the *Corban* Court clearly held otherwise. As such, the trial court erroneously applied the 1989 DMA. Accordingly, the judgment of the trial court is reversed. As the Sayres sought summary judgment pursuant to their 1989 DMA claims, the matter is remanded for consideration of the 2006 DMA claims as questions of fact remain regarding those claims. Accordingly, Appellants first two assignments of error have merit and are sustained. Based on our decision, here, Appellants' third assignment is moot.

## Conclusion

**{¶12}** Appellants contend that the trial court erroneously applied the 1989 DMA instead of the 2006 DMA. Pursuant to *Corban,* Appellants are correct. Because questions of fact remain in this matter regarding application of the 2006 DMA, the matter is remanded for consideration of these claims. Accordingly, the judgment of the trial court is reversed and remanded.

DeGenaro, J., concurs.

Robb, P.J., concurs.